IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | DOCKET NO. 3:19-CR-00112-K |
| | § | |
| CENGIZ JAN COMU, | § | |
|     Defendant | § | |

### DEFENDANT COMU'S RESPONSE TO DEFENDANT BARNES' MOTION TO QUASH SUBPOENAS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Cengiz Jan Comu, by and through his undersigned counsel, and respectfully submits this response to Defendant Barnes' Motion to Quash Subpoenas, and in support thereof would show the Court as follows:

In his Motion to Quash Subpoenas (hereafter the "Motion"), Barnes offers several bases upon which he contends the subpoenas issued to him should be quashed. Namely, he argues that the subpoena calling for his testimony should be quashed based upon his Fifth Amendment right to remain silent, and that the subpoena deuces tecum should be quashed based upon his assertion that the subpoenaed documents are not relevant, are not admissible, and are not described with sufficient specificity. Each of these arguments are without merit and the subpoenas should be enforced.

**I.    THE FIFTH AMENDMENT PRIVILEGE DOES NOT BAR ENFORCEMENT**

To the extent that Barnes contends that the subpoenas should not be enforced based upon his Fifth Amendment right to remain silent, this reliance is misplaced. As an initial matter, most, if not all, of the documents sought pursuant to the subpoena duces tecum would constitute corporate records of EarthWater, in which case Barnes cannot assert the Fifth Amendment as a bar

to producing the requested records. *See Braswell v. United States*, 487 U.S. 99, 108-109 (1988) (holding that a corporate custodian may not resist a subpoena for corporate records on Fifth Amendment grounds).

Alternatively, to the extent that the requested records are not corporate records, the request is limited to documents from May 1, 2019, onward. Given the fact that the indictment alleges that the purported criminal conduct occurred through in or about March 2019, any documents responsive to the subpoena would be separate and apart from the criminal conduct alleged in the indictment. Thus, to the extent that Barnes asserts the Fifth Amendment as a basis upon which to refuse to produce responsive documents, Comu's concern regarding the current state of EarthWater's affairs (particularly Barnes and DeGroot's wrongfully procured control over it) is even more well founded because a reasonable conclusion can be made that Barnes has potentially participated in additional criminal conduct since being placed on pretrial release by this court.

Nevertheless, assuming the records are personal in nature (*i.e.* not corporate records), the proper response by Barnes is to submit a privilege log identifying each document that is subject to the subpoena and state which particular privilege he is claiming. This method then allows Comu to seek in camera judicial review of the documents to determine if Barnes' claimed privilege is valid.

## II.   THE SUBPOENA DUCES TECUM SHOULD BE ENFORCED

### A.   The Subpoenaed Documents Are Directly Relevant to the Issues at Hand

As set forth in Defendant's Motion to Modify Conditions of Release, one of the main issues to be addressed at the hearing on that motion (hereafter the "Hearing"), is the fraudulent conduct believed to have been committed by Defendant Barnes and Beth DeGroot, with respect to their efforts to wrongfully remove Defendant Comu from his position as Chairman and CEO of

EarthWater. This conduct on behalf of Barnes and DeGroot is directly relevant to the requested modification of Comu's conditions of release in that it shows the significant turmoil that EarthWater's affairs are currently in. Likewise, the issue of whether Comu lawfully holds the position of Chairman and CEO of EarthWater has been made central to the determination of Comu's Motion by the Government, who set forth as a chief argument in its Response that "Comu is no longer EarthWater's Chairman, CEO, or even employee." Dkt. No. 52, at 8. Thus, the conduct of Barnes and DeGroot in arranging and bringing about the purported "resignation" of Comu, upon which they appear to have been relying in order to assume control of EarthWater, is directly pertinent to the issues to be considered at the Hearing.

Likewise, to the extent that Barnes possesses documents and records relating to this purported "resignation" by Comu, those documents and records are directly relevant to the key fact in dispute, *i.e.* whether Comu is still EarthWater's lawful and rightful Chairman and CEO. Thus, to the extent that the records requested in the subpoena duces tecum exist, they are certainly relevant to the issues at hand.

B.  <u>The Subpoenaed Documents Are Admissible</u>

Barnes' next argument, his contention that there is no showing that the subpoenaed documents would be admissible, is easily foreclosed. It is well established that at a hearing on a motion to modify conditions of release, the standard rules of evidence do not apply.[1] Specifically, Title 18, Section 3142 states in no uncertain terms that: "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142. Further, the statute provides that a person "shall be afforded an

---

[1] The Defendant acknowledges that as of June 17, 2019, the Court has cancelled the June 18, 2019 hearing, where the Federal Rules of Evidence do not apply. However, the records sought would still be admissible for the Court's consideration regarding the Defendant's request to modify his conditions of release, as the Defendant would be permitted to supplement his previous filings with these potential records.

opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." *Id.* Thus, it is clear that the subpoenaed documents would, indeed, be admissible.

    C.  <u>The Subpoenaed Documents Are Specifically Identified</u>

Contrary to Barnes' assertions, the subpoenaed documents have been identified with adequate specificity. The law in this Circuit requires that documents requested pursuant to a Rule 17 subpoena be "requested with adequate specificity," however there is no black and white test that can be used to determine whether a request is adequately specific. *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). Rather, that determination is left to the discretion of the courts. Here, the documents requested have been identified with more than enough specificity.

As an initial matter, the requested records are generally limited to only those which are "related to Cengiz Jan ('C.J.') Comu, EarthWater Limited and/or EarthWater PLC (collectively referred to as 'EarthWater'), for the period of May 1, 2019 to present." Thus, at the very outset, Comu has specified that he seeks documents only from a very limited window of time and only those which relate to himself and/or EarthWater. Subject to this initial and overarching limitation, Comu further specifies with additional detail the precise nature of the documents sought to be produced.

For example, with respect to the first request listed in Comu's subpoena attachment, this request calls only for correspondence possessed or maintained by Barnes between himself and/or DeGroot and anyone associated with EarthWater, to the extent such correspondence occurred on or after May 1, 2019, and is related to Comu and/or EarthWater.[2] Any such correspondence is

---

[2] Specifically, given the fact that this request seeks only "communications" between Barnes and/or DeGroot and any person associated with EarthWater, no records responsive to this request should even exist from May 6, 2019, onward, given Barnes' conditions of release, which prohibit him from communicating with anyone who may be a victim or witness in this matter and would thus logically include anyone "associated with" EarthWater.

directly related to issues in dispute, given that any such correspondence would be occurring during or immediately following the alleged "resignation" of Comu. For instance, any correspondence that Barnes may have had with DeGroot and/or Don Frey regarding the meeting that occurred on May 12, 2019 between Barnes, DeGroot, and Frey, is directly relevant to issues at hand, given that this was the meeting where Barnes and DeGroot fraudulently represented to Frey that Comu had voluntarily resigned from his roles as Chairman and CEO. *See* Exhibit 1 - Affidavit of Don Frey.

Without the ability to contact any of the individuals involved in or associated with these actions, Comu has no ability to identify with greater specificity precisely what communications exist between Barnes, DeGroot, and others. However, the law does not require any greater specificity than is used by Comu in his attachment. In fact, courts in this district have recognized that even where a party has requested an entire category of documents, but has "adequately explained how these materials are relevant and may be admissible, … although requesting an entire category of documents, they are requested with adequate specificity." *United States v. Gas Pipe, Inc.*, 3:14-CR-298-M, 2018 WL 526361, at *3 (N.D. Tex. June 18, 2018).

### III.   CONCLUSION

For the various reasons set forth above, Defendant Comu respectfully submits that Barnes' Motion to Quash Subpoenas should be denied. Comu has satisfied the requirements of Rule 17 and the applicable case law and has made all the necessary showings. Comu's requests are not made for the purpose of harassing or intimidating Barnes, nor are they designed to cause him to incur needless expense. Rather, the subpoenas have been issued solely because they call for testimony and documents of critical relevance and significance to the issues raised by Defendant Comu's Motion to Modify Conditions and the Government's Response thereto.

WHEREFORE, PREMISES CONSIDERED, Defendant Comu respectfully requests that the Court enter an order denying Defendant Barnes' Motion to Quash Subpoenas and ordering that Defendant Barnes comply with the subpoenas.

Respectfully submitted,

 /s/ Daniel K. Hagood, P.C.

**DANIEL K. HAGOOD, P.C.**
Texas Bar No. 08698300
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
dhagood@sorrelshagood.com

**BRIAN D. POE**
Texas Bar No. 24056908
Brian D. Poe, Attorney PLLC
909 Throckmorton Street
Fort Worth, TX 76102
817.870.2022 telephone
817.977.6501 facsimile
bpoe@bpoelaw.com

**ALEXANDRA HUNT**
Texas Bar No. 24095711
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
ahunt@sorrelshagood.com

COUNSEL FOR DEFENDANT COMU

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2019, a true and correct copy of the foregoing motion was filed with the Clerk of the Court for the United States District Court, Northern District of Texas using the electronic case filing system, which provides for service upon all counsel of record.

                                       */s/ Daniel K. Hagood*  
                                       DANIEL K. HAGOOD, P.C.